

ORIGINAL

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

MAY 12 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL LYNN SMITH | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0459-D |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Joel Lynn Smith, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

In 2000, petitioner pled guilty to possession of a controlled substance and was sentenced to 18 months confinement, probated for two years. While his case was on appeal, petitioner sought post-conviction relief in both state and federal court. His federal writ was dismissed without prejudice for failure to exhaust state remedies. *Smith v. Cockrell*, 2002 WL 1840965 (N.D. Tex. Aug. 8, 2002). Thereafter, petitioner's conviction was affirmed on direct appeal and state collateral review. *Smith v. State*, 2002 WL 31387756 (Tex. App.--El Paso, Oct. 24, 2002, no pet.); *Ex parte Smith*, No. 53,072-03 (Tex. Crim. App. Oct. 29, 2003). Petitioner then filed this action in federal court.

II.

In multiple grounds for relief, petitioner contends that: (1) his guilty plea was unlawfully induced; (2) the prosecutor failed to disclose evidence favorable to the defense; (3) he received ineffective assistance of counsel; (4) he was denied the right to an appeal; (5) he was coerced into waiving indictment by a grand jury; (6) the evidence was insufficient to support his conviction; and (7) he was the victim of racial profiling.

Before addressing these claims on the merits, the court must determine whether petitioner, who has fully discharged his sentence, is "in custody" under his 2000 conviction.

III.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989) (citing cases). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court discussed the "in custody" requirement for federal habeas jurisdiction. While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of section 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas v. LaVallee*, [391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)], strongly implies the contrary . . . [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

*Id.*, 109 S.Ct. at 1925-26 (emphasis in original). *See also Hendrix*, 888 F.2d at 338 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254). Here, petitioner discharged his 18-month sentence for possession of a controlled substance on June 25, 2002. (*See Spears* Quest. #1 & 2). Consequently, this court lacks subject matter jurisdiction over this action.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

DATED: May 12, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE